**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fulfillment Services, Inc., ) | |
|     Plaintiff, ) | CV 05-538 TUC DCB |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| United Parcel Service, Inc., et al., ) | |
| ) | |
|     Defendant. ) | |

  For the reasons explained below, Defendants' Motion for Attorney Fees (document 30) is denied.

  Plaintiff, Fulfillment Services, Inc. (Fulfillment), filed a class action law suit, alleging that Defendants, United Parcel Service (UPS), violated 49 U.S.C. § 13703, a provision of the Motor Carrier Act that provides an exemption from antitrust laws for certain collective activities. Plaintiff asserted that 49 U.S.C. § 14704(a), which creates a private cause of action for violations of the Interstate Commerce Act (ICA), Motor Carrier provisions, allowed it to bring a law suit for damages related to Defendants' alleged violation of 49 U.S.C. § 13703(f).

  Relying on *Owner-Operator Driver's Ass'n v. New Prime, Inc.,* 192 F.3d 778 (8th Cir. 1999), this Court found that "49 U.S.C. § 14704(a)(2) authorizes damages to remedy *at least some* violations of the Motor Carrier Act, but that it does not provide a private cause of action for damages for every and any kind of violation of the Motor Carrier Act. It does not provide a private cause of action for a violation of 49 U.S.C. § 13703(f)." (Order filed April 21, 2006 at 12.)

  This Court explained, "Congress struck a delicate balance when it adopted § 13703, excepting certain agreements from antitrust liability. The agreement requirements contained

1 in § 13703, including those allegedly violated by the UPS, are not tariff filing requirements. They serve the purpose of the statute, which is to provide an exemption from antitrust liability for agreements that comply with the very specific provisions of the statute for securing such an exemption. Imposing further liability, as Fulfillment suggests exists under § 14704(a)(2), goes beyond the narrow purpose of § 13703, constrains contractual freedom, and is contrary to the policies and principles behind deregulation. This Court finds that liability under § 13703 does not extend beyond antitrust violations." *Id.* at 10.

This Court also found that the express limitations contained in "§ 14704 would be pointless if the courts overrode them by interpreting subsection (a)(2) to provide private causes of action for every kind of violation of the Motor Carrier Act." *Id.* at 11.

This Court had subject matter jurisdiction over the case because the Plaintiff alleged a violation of a federal statute. *See* 28 U.S.C.A. § 1331 (as a general matter, federal courts have subject matter jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States.") A court always has jurisdiction to determine its jurisdiction.

Standing is an issue of subject matter jurisdiction because a court may exercise its jurisdiction only when cases are in controversy. This requires a plaintiff to show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Rivas v. Rail Delivery Service, Inc.*, 423 F.3d 1079, 1083 n. 1 (9th Cir. 2005). In *Rivas*, the court explained that the district court must dismiss the action for lack of subject matter jurisdiction because the private cause of action under ICCTA, 49 U.S.C. § 14704(a), did not apply retroactively to agreements executed after the ICCTA's effective date. In other words, the plaintiff lacked standing to bring an action under § 14704(a). Following *Rivas*, this Court dismissal of Plaintiff's action for lack of subject matter jurisdiction was because Plaintiff lacked standing under 49 U.S.C. § 14704(a)(2) to bring an action for the alleged violation of 49 U.S.C. § 13703(f).

Defendants seek attorney fees under 49 U.S.C. § 14704(e), which provides: "The district court shall award a reasonable attorney's fee under this section. The district court shall tax and collect that fee as part of the costs of the action." Plaintiff objects because this attorney fee provision applies only with regard to prevailing plaintiffs, and furthermore, where the action is dismissed for lack of subject matter jurisdiction there is no jurisdiction to award attorney fees.

Where a court determines that plaintiffs do not have a cause of action under § 14704, no attorney fees are appropriate under the statute. *Stewart v. Mitchell Transport*, 241 F. Supp. 2d 1216 (Kan. 2002). More importantly, the Defendants may not seek attorney fees under 49 U.S.C. § 14704(e).

In *New Prime*, the district court dismissed the claims brought pursuant to 49 U.S.C. § 14704(a) because the plaintiffs' lease agreements were entered into before the effective date of the ICCTA. The district court granted attorney fees under 49 U.S.C. § 14704(e) to the defendants. The appellate court reversed the award of attorney fees. It held that "the statutory scheme was designed to benefit plaintiffs and that the remedy provided in 14704(e) must be read consistent with that." *New Prime*, 398 F.3d at 1071.

It found the text of § 14704(e) to be ambiguous. Its title, "Rights and remedies of persons injured by carriers or brokers" indicates that the fee shifting provision is one of the remedies available to injured plaintiffs, yet it provides that fees are to be taxed 'as part of the costs of the action,' and costs are generally associated with a prevailing party." *Id.* at 1069.[1] Finding ambiguity, the court looked at the statute's legislative history to discover that Congress intended to address the disparity in bargaining power between independent owner-operators and

---

[1]This Court finds no ambiguity and that the express language of the statute provides for attorney fees as a right and remedy to injured plaintiffs, which shall be taxed as part of the costs of the action for such prevailing plaintiffs. The original statute expressly mandated a reasonable attorney's fee as part of the damages for which a carrier or broker is found liable, and the district court shall tax and collect that fee as part of the costs of the action. *Prime*, 398 F.3d at 1071-72. The statute was amended to eliminate the "as part of the damages" language to ensure that plaintiffs who receive injunctive relief are entitle to attorney fees. *Id.* The deletion did not create any ambiguity given the clear directive of the statute's caption: "Rights and Remedies of Persons Injured by Carriers or Brokers."

1  motor carriers, and that to allow defendants to secure attorney fees would have a chilling effect
2  on the use of the private right of action to enforce Truth in Leasing regulations. *Id.* at 1070-71.

3       The court noted that Congress legislates against the strong background of the American
4  Rule, which requires the parties to pay their own attorney fees unless Congress directs
5  otherwise. *Id.* at 1069. The court also noted that no other federal statute *mandates* an award
6  of attorney fees to a prevailing defendant. *Id.* at 1070.

7       There is no evidence that Congress intended to benefit prevailing defendants, which
8  would have chilled the very purpose of the ICCTA to remedy the disparities in bargaining
9  positions between independent owner operators and motor carriers and provide a forum for
10 independent owner-operators to resolve what are often small claims. "The potential rewards
11 are already low, and increasing the risks by imposing attorney fees on owner-operators who do
12 not prevail would discourage them from pursuing their claims in court." *Id.* at 1071. In other
13 words, it makes no sense to create such a private remedy and create a unique formidable barrier
14 to its attainment. *Id.*

15
16      This Court finds the *New Prime* decision to be well reasoned and agrees that section
17 14704(e) did not create a mandatory fee shifting provision in favor of Defendants. *Id.*

18 **Accordingly,**

19 **IT IS ORDERED** that the Defendant's Motion for Attorney Fees (document 30) is
20 DENIED.

21      DATED this 14th day of November, 2006.

David C. Bury
United States District Judge